UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELTA TOWING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-3651-LMA-SS** |
| **JEFFREY JUSTRABO** | |

### ORDER

JUSTRABO'S MOTION TO COMPEL (Rec. doc. 24)

    **DENIED**

JUSTRABO'S MOTION FOR LEAVE TO AMEND (Rec. doc. 29)

    **DENIED**

DELTA TOWING'S MOTION TO QUASH (Rec. doc. 30)

    **GRANTED**

DELTA TOWING'S MOTION TO EXPEDITE (Rec. doc. 31)

    **GRANTED**

On June 6, 2008, the plaintiff, Delta Towing, L.L.C. ("Delta Towing"), filed a complaint for a declaratory judgment that the defendant, Jeffrey Justrabo ("Justrabo"), was not owed any further maintenance and cure. Rec. doc. 1. Justrabo denied the allegations and alleged in a cross-claim that Delta Towing was liable to him for injuries he sustained on the M/V Delta Traveler on March 16, 2008. Rec. doc. 3. The trial was set for March 9, 2009 with a pretrial conference on February 13, 2009. The scheduling order provides that, "all discovery shall be completed no later than Thursday, December 30, 2008." Rec. doc. 6 at 2. There was a status conference on August 27, 2008 where the District Judge reported that all scheduled pretrial and trial dates remained in effect. Rec. doc.

9. On December 10, 2008, Justrabo sought a continuance of the trial because of the uncertainty of his medical condition. Rec. doc. 16. The motion was denied. The District Judge added that "[t]he parties may, by consent, move to extend any pretrial deadline previously set by the Court except for the pretrial conference date and the motion hearing deadline." Rec. doc. 23. No deadlines were extended in accord with the terms of that order.

The parties filed several motions.

1. **<u>Justrabo's motion to compel discovery responses</u>.** Rec. doc. 24.

The motion was set for January 14, 2009. Rec. doc. 24. The motion is not timely under the scheduling order, and Justrabo has not demonstrated good cause for modification of the discovery deadline. He reports that his counsel had a discovery conference with counsel for Delta Towing on August 27, 2008, but the motion was not filed until January 8, 2009. Delta Towing reports that it supplemented its discovery responses and the motion is moot. The motion will be denied as untimely.

2. **<u>Justrabo's motion for leave amend</u>.** Rec. doc. 29.

Justrabo seeks leave to amend to add Hercules Offshore as an additional party. Although the motion was set for February 4, 2009, a prompt ruling is required. The deadline for amending pleadings was August 22, 2008. Rec. doc. 6. If Justrabo's motion is granted, the pretrial conference and trial will have to be continued. The undersigned is without authority to grant this relief. The motion for leave will be denied as untimely under the scheduling order.

3. **<u>Delta Towing's motion to quash</u>.** Rec. doc. 30.

Delta Towing reports that: (1) Justrabo noticed the deposition of Ben Copas for January 15, 2009 in Mobile; (2) the deposition was noticed for December 30, 2008; (3) Justrabo was unable to

serve Copas for the December 30, 2008 date; and (4) Delta Towing received the notice of the deposition of Copas for January 15, 2009 on January 13, 2009. The motion must be granted. Justrabo is attempting to take the deposition after the discovery deadline. He has not obtained an extension of the deadline as required by the District Judge. Rec. doc. 23.

IT IS ORDERED that: (1) Justrabo's motion to compel (Rec. doc. 24) is DENIED as untimely; (2) Justrabo's motion for leave to amend (Rec. doc. 29) is DENIED as untimely; (3) Delta Towing's motion to quash (Rec. doc. 30) is GRANTED; and (4) Delta Towing's motion for expedited consideration (Rec. doc. 31) is GRANTED.

New Orleans, Louisiana, this 14th day of January, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**