# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELTA TOWING, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-3651 c/w 09-229** |
| **JEFFREY JUSTRABO** | **SECTION I/2** |

## ORDER AND REASONS

Before the Court are two motions in limine to exclude expert testimony. Plaintiff and defendant in counter-claim, Delta Towing, L.L.C. ("Delta"), has filed a motion in limine to strike the expert testimony of defendant's experts, John Manders ("Manders") and Robert Borison ("Borison").[1] Defendant and plaintiff in counter-claim, Jeffrey Justrabo ("Justrabo") opposes the motion.[2] Justrabo has also filed a motion in limine to strike the testimony of Delta's expert, Ronald Campana.[3] Delta opposes the motion.[4] For the following reasons, Delta's motion[5] to strike the testimony of Manders and Borison is **GRANTED IN PART** and **DENIED IN PART** and Justrabo's motion[6] to strike the testimony of Campana is **DENIED.**

### *BACKGROUND*

On March 16, 2008, while the crew of the M/V Delta Traveler was back-loading a piece of equipment from a drilling rig, Justrabo, then a deckhand aboard the M/V Delta Traveler,

---

[1] R. Doc. No. 75.

[2] R. Doc. No. 78.

[3] R. Doc. No. 77.

[4] R. Doc. No. 79.

[5] R. Doc. No. 75.

[6] R. Doc. No. 77.

alleges he was thrown from his bunk and injured.[7] The parties dispute whether a wave and/or improper loading of equipment caused the M/V Delta Traveler to list to the side.[8] Delta filed this lawsuit on June 8, 2008 seeking a declaratory judgment that Delta did not owe Justrabo any further payment of medical bills, maintenance and cure benefits, or any other compensation.[9] On July 2, 2008, Justrabo filed a counterclaim against Delta under the Jones Act and general maritime law, alleging he suffered injuries as a result of Delta's negligence and the unseaworthiness of the M/V Delta Traveler.[10] Justrabo seeks damages for maintenance and cure, past pain and suffering, future pain and suffering, lost wages, loss of found, loss of future earning capacity, past medical expenses, and future medical expenses.[11]

## *LAW AND ANALYSIS*

### I. STANDARD OF LAW

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S. Ct. 2786, 2794, 125 L. Ed. 2d 469, 480 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir. 2006). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form

---

[7]R. Doc. No. 3, 75.

[8]*Id.*

[9]R. Doc. No. 1, p. 2.

[10]R. Doc. No. 3.

[11]R. Doc. No. 3, p.3.

> of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The United States Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238, 249-50 (1999). The burden is on the proponent to prove by a preponderance of the evidence that the expert satisfies the Rule 702 test. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002).

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been or can be tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see Runnels v. Tex. Children's Hosp. Select Plan*, 167 Fed. App'x 377, 381 (5th Cir. 2006) ("[A] trial judge has 'considerable leeway' in determining '*how* to test an expert's reliability.'" (*citing Kumho Tire*, 526 U.S. at 152, 119 S. Ct. at 1176, 143 L. Ed. 2d at 253)). "Both the determination of reliability itself and the factors

taken into account are left to the discretion of the district court consistent with its gatekeeping function under [Rule] 702." *Munoz v. Orr*, 200 F.3d 291, 301 (5th Cir. 2000). The purpose of this analysis "is to make certain that an expert, whether basing testimony upon professional studies or personal experiences, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152, 119 S. Ct. at 1176, 143 L. Ed. 2d at 253.

With respect to determining the relevancy of an expert's testimony pursuant to Rule 702 and *Daubert*, the proposed testimony must be relevant "not simply in the sense that all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). "'There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.'" *Vogler v. Blackmore*, 352 F.3d 150, 156 n.5 (5th Cir. 2003) (*quoting* Fed. R. Evid. 702 advisory committee's note).

**II.     DISCUSSION**

Delta has filed a motion in limine to strike the expert testimony of John Manders and Robert Borrison. Justrabo has filed a motion in limine to strike the expert testimony of Ronald Campana. Each expert is discussed in turn.

*A. John Manders*

Delta seeks to exclude Manders' testimony on the grounds that Manders' report contains "little more than inadmissible legal conclusions and provides no opinions which might assist this Court in rendering judgment."[12] Justrabo concedes that Manders' report contains legal conclusions, but urges that his entire report should not be excluded.[13]

Fed. R. Evid. 704(a) provides: "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, Rule 704(a) "does not allow a witness to give legal conclusions." *U.S. v. Williams,* 343 F.3d 423 (5th Cir. 2003)(citing *United States v. Isydore*, 167 F.3d 213, 218 (5th Cir. 1999)).

Manders' report clearly contains some inadmissible legal conclusions such as his conclusions that the defendant's employees acted negligently[14] and that the M/V Delta Traveler was unseaworthy.[15] These conclusions would not be helpful to the trier of fact. *See* Fed. R. Evid. 701, 702. Pursuant to Fed. R. Evid. 704, Manders may not testify to these legal conclusions at trial. However, Manders' report also contains admissible opinions as to whether the Delta crew acted prudently and as to the safety of the vessel. Although these issues may embrace ultimate issues to be decided by the trier of fact, they are not outright legal conclusions. Therefore, the

---

[12]R. Doc. No. 75, p. 9.

[13]R. Doc. No. 78, pp. 1-2.

[14]R. Doc. No. 75, Ex. B. Manders report contains statements such as:"Captain Ronnie Bergeron acted negligently in failing to calculate the effect on the vessel's stability and trim of loading a heavy piece of cargo on the port side of the main deck in the existing rough wind and sea conditions" and "Captain Ronnie Bergeron acted negligently in failing to immediately secure a heavy piece of cargo loaded on the port side of the main deck in the existing rough wind and sea conditions." *Id.* at 3.

[15]*Id.* For example, Manders states: "Captain Ronnie Bergeron allowed an unseaworthy condition to be created"; "having rendered the M/V Delta Traveler in an unseaworthy condition. . ."; and "[u]nfortunately Jeffrey Justrabo suffered injuries prior to the piece of cargo that created the unseaworthy condition being removed from the deck of the vessel." *Id.* at 4.

Court declines to strike Manders' entire testimony, but Manders will not be permitted to testify to the objectionable legal conclusions at trial.

   *B. Robert Borison*

Justrabo presents Borison as a crane safety expert. Delta argues that Borison's testimony should be excluded because Borison has neither the requisite experience nor knowledge to render an opinion in this case.[16] Specifically, Delta contends that Borison has never been employed as an offshore crane operator and he is not qualified to render expert testimony with respect to back-loading cargo on a vessel.[17] Borison is a certified crane operator, has experience as a crane safety supervisor, and experience working on offshore vessels.[18]

"To qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'" *U.S. v. Hicks* 389 F.3d 514, 524 (5th Cir. 2004)(quoting *United States v. Bourgeois,* 950 F.2d 980, 987 (5th Cir. 1992). Additionally, Fed. R. Evid. 702 states that an expert may be qualified based on "knowledge, skill, experience, training, or education." *Hicks,* 389 F.3d at 524. *See also Kumho Tire Co.,* 526 U.S. 137, 151, 119 S.Ct. 1167, 143 L. Ed.2d. 238 (1999)(discussing witnesses whose expertise is based purely on experience).

"'A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject.'" *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009)(quoting *Wilson v. Woods,* 163 F.3d 935, 937 (5th Cir. 1999)). "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given

---

[16]R. Doc. No. 75, p. 4.

[17]*Id.*

[18]R. Doc. No. 78, Ex. E.

issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.* See *Daubert,* 509 U.S. at 596.

The strength of Borison's credentials goes to the weight of his testimony and not its admissibility. *Curry v. ENSCO Offshore Co.*, 54 Fed. App'x 407 (5th Cir. 2002) (holding that a safety director was qualified to testify as an expert in marine safety, despite defendant's arguments that the expert was not qualified as a biomechanical engineer or any other relevant discipline); *Williams v. Warren*, 253 F.3d 700 (5th Cir. 2001) (holding that an expert was qualified to discuss broken bones even though he was not an orthopedic surgeon and that the strength of his "credentials go to the weight, not the admissibility" of his testimony). Borison's experience qualifies him to testify as a crane safety expert.

In addition, Delta argues that Borison's opinions are unsupported by "citation to testimony, documents or applicable standards."[19] Justrabo asserts that Borison's testimony is grounded on the facts of the case and "Borison's own offshore experience in these types of operations." First, although brief, Borison's opinion references specific facts and seems to draw on his own experience as a crane safety supervisor. Second, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land,* 80 F.3d 1074, 1077 (5th Cir. 1996). It is "the role of the adversarial system, not the court, to highlight weak evidence." *Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 563 (5th Cir. 2004). Delta's argument goes to the weight to be given Borison's

---

[19]R. Doc. No. 75, p.2.

testimony and not its admissibility. Therefore, Delta's challenges to Borison's knowledge and experience are better suited for cross-examination.

*C. Ronald Campana.*

Justrabo moves to strike Campana's testimony on the grounds that it does not meet the disclosure requirements of Fed. R. Civ. P. 26(a)(2) because: "(1) it lacks a complete statement of all data and information considered; (2) portions of the stated opinions fail to express the basis and reasons for such opinions and (3) the information relied upon by the expert is incomplete and based on insufficient data and pure speculation, guess and unsupported estimation."[20] Alternatively, Justrabo contends that the testimony should be excluded pursuant to Fed. R. Evid. 702 because Campana did not explain his calculations related to the listing, did not base his conclusions on sufficient facts or data, based his opinion on unsupported speculation, and did not provided sufficient examples of knowledge, skill, experience, training, or education.[21] Delta has since provided an additional affidavit from Campana that included his calculations for vessel list.[22]

The Court first notes that this district has not adopted Rule 26(a) in its entirety. *Harmeyer v. Dohm*, No. 06-4220, 2007 WL 4294667, at *3 (E.D. La. Mar. 7, 2007)(Barbier, J.). Local Rule 26.3E provides that "[t]he scope and timing of disclosures under FRCP 26(a)(2). . . . shall be directed by the Court in the order issued after the preliminary conference held pursuant to Article One (1) of the Civil Justice Expense and Reduction Delay Plan of this court."

---

[20]R. Doc. No. 77, p. 1.

[21]*Id.*, at 7.

[22]R. Doc. No. 86, Ex. 2.

This Court's scheduling order requires that the parties disclose "[w]ritten reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B),[23] who may be witnesses . . . fully setting forth all matters about which they will testify and the basis thereof."[24] The Court "intentionally adopted a standard for expert reports that differs from the Federal Rules" and that deems an expert report "sufficient so long as it sets forth all matters about which an expert will testify and the basis thereof." *Id.*; *Short v. Anangel Spirit Compania Naviera, S.A.*, No. 01-1400, 2002 WL 31640504, at *1 (E.D. La. Nov. 19, 2002)(Barbier, J.)("The general practice in this district is to require that disclosure information contain '[w]ritten reports of experts...who may be witnesses for [plaintiffs/defendants] fully setting forth all matters about which they will testify and the basis therefor.'" (quoting Civil Justice Expense and Delay Reduction Plan, EDLA, Appendix A, "Uniform Preliminary Conference Notice")). Because Campana's report describes the matters about which he will testify and the basis for his opinions, the Court finds that Campana's report complies with the applicable rule of disclosure for expert reports. Justrabo's counsel can certainly cross examine Campana more fully as to the basis for his opinion and any apparent inconsistencies in his report at trial.

In addition, Campana's testimony as to the approximate list of the M/V Delta Traveler is admissible under Fed. R. Evid. 702. Campana identified the methods and calculations he used to approximate the list of the vessel.[25] He stated that these calculations are "taught to mariners and regularly relied on by masters to approximate vessel stability in any given situation."[26] In

---

[23] Rule 26(a)(2)(B) defines such witnesses as those "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony."

[24] R. Doc. No. 67, pp. 2-3.

[25] R. Doc. No. 86, Ex. 2, pp. 1-2.

[26] *Id.* at 1.

response to Justrabo's motion, Campana has provided a declaration that he is "familiar with the size and hull construction of the M/V Delta Traveler and [has] piloted similar vessels in sea conditions comparable to those reported at the time of Mr. Justrabo's alleged injuries."[27] Justrabo's challenges to Campana's methods and his knowledge of this particular vessel are better suited for cross examination and argument at trial.

Accordingly,

**IT IS ORDERED** that Delta's motion to exclude testimony by John Manders as to legal conclusions is **GRANTED**. To the extent that the motion seeks to exclude John Manders' non-legal conclusions and opinions and to the extent that the motion seeks to exclude the testimony of Robert Borison, it is **DENIED.**

**IT IS FURTHER ORDERED** that Justrabo's motion to exclude the testimony of Ronald Campana is **DENIED.**

New Orleans, Louisiana, November 5, 2009.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[27]*Id.*